**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| HECTOR RIVERA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-80-PRC |
| | ) | |
| CITY OF EAST CHICAGO, *et al.,* | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' Motion for Summary Judgment [DE 32], filed by Defendants City of East Chicago, East Chicago Police Department, Officer Dumas, Officer Ronald London, and Officer Michael Gruska on August 1, 2011.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Hector Rivera filed his Complaint in this Court on March 27, 2009. In the Complaint, Plaintiff alleges that he was wrongfully arrested and deprived of his liberty by Defendants City of East Chicago, East Chicago Police Department, Officer Dumas, Officer Ronald London, and Officer Michael Gruska, in violation of 42 U.S.C. § 1983.

Defendants filed the instant Motion for Summary Judgment on August 1, 2011. Plaintiff filed a response on October 10, 2011, but the response was stricken on November 29, 2011, due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the orders of this Court. Accordingly, Plaintiff's response will not be considered by the Court. No reply was filed, and the time to do so has expired. This matter is now fully briefed and properly before the Court.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary

judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . " Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

On the evening of September 27, 2008, Plaintiff Hector L. Rivera was stopped by an East Chicago police officer for a traffic infraction. At the officer's request, Mr. Rivera gave the officer his driver's license and the officer returned to his car. The officer returned to Mr. Rivera's car with a second officer, ordered Mr. Rivera out of his vehicle, and informed him that he was under arrest. Plaintiff was arrested on an active warrant for Hector Luis Rivera in Las Vegas, Nevada. The second officer transported Mr. Rivera to the East Chicago police station where he was booked. Mr. Rivera was transported to the Lake County Jail the following day, a Sunday. He was released the following Wednesday after a court hearing and was told that the officers had arrested the wrong person.

## ANALYSIS

Defendants argue that summary judgment should be entered in their favor because Plaintiff fails to allege or offer evidence that the defendant officers were objectively unreasonable in arresting him; Plaintiff does not allege which Defendant violated his Fourth Amendment rights; and Plaintiff has failed to allege that his arrest was proximately caused by an express policy, custom, or deliberate act of a final decision maker of the City of East Chicago.

"Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)). Probable cause exists if 'at the time of the arrest, the facts and circumstances

within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-1057 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (other citations omitted); *see also Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). The court measures probable cause "not on the facts as an omniscient observer would perceive them," but "as they would have appeared to a reasonable person in the position of the arresting officer." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (citations and quotations omitted); *see also Woods v. City of Chi.*, 234 F.3d 979, 987 (7th Cir. 2000). If "a reasonable officer would have believed the person had committed a crime," then "the arrest is lawful even if the belief would have been mistaken." *Mahoney v. Kesery*, 976 F.2d 1054, 1057-1058 (7th Cir. 1992) (citations omitted). A "jury should determine the existence of probable cause only if 'there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.'" *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056-1057 (7th Cir. Ill. 2011) (quoting *Gonzalez*, 578 F.3d at 537) (other citations omitted).

Defendants argue that Plaintiff does not offer any evidence that his arrest was unreasonable and that Plaintiff admits that he does not know whether the officers knew they had the wrong person. Plaintiff's complaint alleges that the subject of the warrant had a different date of birth than Plaintiff and that difference was obvious from the face of the warrant and Plaintiff's driver's license.

"In general, an arrest warrant that correctly names the person to be arrested is considered constitutionally sufficient and need not contain any additional identifying information." *White v. Olig*, 56 F.3d 817, 819 (7th Cir. 1995) (citing *Powe v. City of Chicago*, 664 F.2d 639, 645 (7th Cir.

5

1981); *West v. Cabell*, 153 U.S. 78, 38 L. Ed. 643, 14 S. Ct. 752 (1894)). "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006) (quoting *Hill v. California*, 401 U.S. 797, 802 (1971)) (other citations omitted). Indeed, "discrepancies between an arrest warrant and the arrestee's physical appearance, address, and birth date are often insufficient to create a genuine factual dispute about whether arresting officers had probable cause." *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006) (citations omitted).

The only question before the Court is whether the arresting officers reasonably believed that Plaintiff was the person named in the warrant, *Tibbs*, 436 F.3d at 664, and Plaintiff has proffered no 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

Accordingly, there is no dispute of material fact regarding whether the defendant officers had probable cause to arrest Plaintiff in this case. As "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution," summary judgment is appropriate in favor of Defendants Officer Dumas, Officer Ronald London, and Officer Michael Gruska. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citation omitted).

To the extent that Plaintiff is alleging that Defendants City of East Chicago and the East Chicago Police Department are liable for failure to train police officers, these claims also fail to survive summary judgment. The United States Supreme Court has held that a municipality may be

6

held liable under § 1983 for constitutional violations arising from a failure to train, *see, e.g., City of Canton v. Harris*, 489 U.S. 378, 387 (1989), but it is only "when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish liability under § 1983, "a plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). As set forth above, Plaintiff in this case has failed to raise any genuine issue of material fact that he suffered a constitutional deprivation. Because there is no underlying constitutional deprivation, the Court need not reach the *Monell* issues related to the liability of Defendants City of East Chicago and the East Chicago Police Department for the alleged constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Defendants City of East Chicago and the East Chicago Police Department are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [DE 32] is hereby **GRANTED**. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants City of East Chicago, East Chicago Police Department, Officer Dumas, Officer Ronald London, and Officer Michael Gruska against Plaintiff Hector Rivera.

SO ORDERED this 29th day of November, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

7

cc: All counsel of record